Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
Oliver Law Center, Inc.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855) 384-3262
Facsimile: (888) 570-2021

Local Counsel for Plaintiff and
the proposed Class

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISETH AGUIRRE, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPTUM HEALTH PLAN OF CALIFORNIA,<br><br>Defendant. | Civil Case No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)(1)(A)(iii)]<br><br>JURY TRIAL DEMANDED |

Liseth Aguirre ("Plaintiff") brings this class action against Optum Health Plan of California ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)

1

as Defendant has its principal place of business in this district, and as a substantial portion of the events giving rise to this action occurred in this district.

3.  For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

4.  Plaintiff is a natural person who at all relevant times resided in San Bernardino County, California.

5.  Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

6.  Defendant is a Delaware Corporation with its principal place of business in Los Angeles County, California.

7.  Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

8.  Plaintiff was, since before March 2024 and throughout the time of the calls at issue, the subscriber to, and sole regular and customary user of, her cellular telephone number—(951) XXX-3726.

9.  As early as March 2024, Defendant began placing calls, or causing calls to be placed, to telephone number (951) XXX-3726.

10. Defendant placed, or caused to be placed, calls to telephone number (951) XXX-3726 intending to reach someone other than Plaintiff.

11. Defendant used an artificial or prerecorded voice in connection with the calls it placed, or caused to be placed, to telephone number (951) XXX-3726.

12. For example, on March 11, 2024, Defendant placed, or caused to be placed, a call to telephone number (951) XXX-3726 and delivered the following artificial or prerecorded voice message:

> Hello, this is Optum calling for James Duran. We were calling to share information about an approved authorization. Please call us back any time twenty-four hours a day, seven days a week toll free at 1-844-306-3237. Again, the number is 1-844-306-3237. TTY users should call 800-735-2922. Thank you and have a good day. Goodbye.

13. Later on March 11, 2024, Defendant placed, or caused to be placed, a second call to telephone number (951) XXX-3726 and delivered the following artificial or prerecorded voice message:

> Hello, this is Optum calling for James Duran. We were trying to reach you to share some important information. Please call us back any time twenty-four hours a day, seven days a week toll free at 1-844-306-3237. Again, the number is 1-844-306-3237. TTY users should call 800-735-2922. Thank you and have a good day. Goodbye.

14. On March 12, 2024, Defendant placed, or caused to be placed, another call to telephone number (951) XXX-3726 and delivered the following artificial or prerecorded voice message:

> Hello, this is Optum calling for James Duran. We were trying to reach you again to share some important information about a request your doctor made. Please call us back any time twenty-four hours a day, seven days a week toll free at 1-844-306-3237. Again, the number is 1-844-306-3237. TTY users should call 800-735-2922. Thank you and have a good day. Goodbye.

15. On July 31, 2024, Defendant placed, or caused to be placed, another call to telephone number (951) XXX-3726 and delivered the following artificial or prerecorded voice message:

> Hello, this is Optum calling for James Duran. We were calling to share information about an approved authorization. Please call us back any time twenty-four hours a day, seven days a week toll free at 1-

3

844-306-3237. Again, the number is 1-844-306-3237. TTY users should call 800-735-2922. Thank you and have a good day. Goodbye.

16. Defendant then placed, or caused to be placed, a second call to telephone number (951) XXX-3726 on July 31, 2024, and delivered the following artificial or prerecorded voice message:

> Hello, this is Optum calling for James Duran. We were trying to reach you to share some important information. Please call us back any time twenty-four hours a day, seven days a week toll free at 1-844-306-3237. Again, the number is 1-844-306-3237. TTY users should call 800-735-2922. Thank you and have a good day. Goodbye.

17. On August 1, 2024, Defendant placed, or caused to be placed, another call to telephone number (951) XXX-3726 and delivered the following artificial or prerecorded voice message:

> Hello, this is Optum calling for James Duran. We were trying to reach you again to share some important information about a request your doctor made. Please call us back any time twenty-four hours a day, seven days a week toll free at 1-844-306-3237. Again, the number is 1-844-306-3237. TTY users should call 800-735-2922. Thank you and have a good day. Goodbye.

18. On August 6, 2024, Defendant placed, or caused to be placed, another call to telephone number (951) XXX-3726 and delivered the following artificial or prerecorded voice message:

> Hello, this is Optum calling for Jonathan Duran. We were calling to share information about an approved authorization. Please call us back any time twenty-four hours a day, seven days a week toll free at 1-844-306-3237. Again, the number is 1-844-306-3237. TTY users should call 800-735-2922. Thank you and have a good day. Goodbye.

19. Defendant's voice messages were generic and similar.

20. Given the generic nature of the messages, the content of the messages, and that the messages were similar in tone, voice, content, and style,

the messages Defendant delivered, or caused to be delivered, to telephone number (951) XXX-3726 were artificial or prerecorded in nature.

21. Plaintiff listened to each of the above-referenced artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to her cellular telephone number.

22. Defendant placed, or caused to be placed, the subject calls to telephone number (951) XXX-3726 in an effort to reach James Duran or Jonathan Duran.

23. Plaintiff is not James Duran,

24. Plaintiff is not Jonathan Duran.

25. Plaintiff does not know James Duran.

26. Plaintiff does not know Jonathan Duran.

27. Plaintiff is not, nor was, a customer of Defendant.

28. Plaintiff does not, nor did, have an insurance plan or account with Defendant.

29. Plaintiff did not provide telephone number (951) XXX-3726 to Defendant.

30. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (951) XXX-3726.

31. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (951) XXX-3726 intended for a third-party unknown to Plaintiff.

32. Defendant placed, or caused to be placed, the subject calls to telephone number (951) XXX-3726 voluntarily.

33. Defendant placed, or caused to be placed, the subject calls to telephone number (951) XXX-3726 under its own free will.

34. Defendant placed, or caused to be placed, the subject calls to telephone number (951) XXX-3726 for non-emergency purposes, as indicated by the content of the messages.

35. None of Defendant's above-described artificial or prerecorded voice messages to telephone number (951) XXX-3726 were exigent in nature or otherwise required the recipient's immediate attention.

36. Defendant's records will identify each call it placed, or caused to be placed, to telephone number (951) XXX-3726.

37. Defendant's records will identify each artificial or prerecorded voice message it played or delivered, or caused to be played or delivered, or attempted to play or deliver, or caused to be attempted to be played or delivered, to telephone number (951) XXX-3726.

38. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed, or caused to be placed, to telephone number (951) XXX-3726

39. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

40. Plaintiff found the artificial or prerecorded voicemail messages to be irritating and invasive.

41. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

42. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Optum Health Plan of California placed, or caused to be placed, a call, (2) directed to

6

a number assigned to a cellular telephone service, but not assigned to a person who has or had an account or health plan with Optum Health Plan of California, (3) in connection with which Optum Health Plan of California used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

43. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

44. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

45. The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

46. The class is ascertainable because it is defined by reference to objective criteria.

47. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

48. Plaintiff's claims are typical of the claims of the members of the class.

49. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

50. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

51. Plaintiff's claims are based on the same theories as the claims of the members of the class.

52. Plaintiff suffered the same injuries as the members of the class.

53. Plaintiff will fairly and adequately protect the interests of the members of the class.

54. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

55. Plaintiff will vigorously pursue the claims of the members of the class.

56. Plaintiff has retained counsel experienced and competent in class action litigation.

57. Plaintiff's counsel will vigorously pursue this matter.

58. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

59. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

60. Issues of law and fact common to all members of the class are:
   a. Defendant's violations of the TCPA;
   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;
   c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;
   d. Defendant's use of an artificial or prerecorded voice; and
   e. The availability of statutory penalties.

61. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

62. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

63. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

64. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

65. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

66. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

67. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

68. There will be little difficulty in the management of this action as a class action.

69. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I

### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

70. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-69.

71. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed, or caused to be

placed, to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

72. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;
b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;
c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;
d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);
e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);
f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;
g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and
h) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

| | | |
|---|---|---|
| 1 | Date: May 12, 2025 | /s/ *Dana J. Oliver* |
| 2 | | Dana J. Oliver, Esq. (SBN: 291082) |
| 3 | | Oliver Law Center, Inc. |

*Local Counsel for Plaintiff and the proposed Class*

James L. Davidson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 550
Boca Raton, Florida 33431
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

Anthony I. Paronich*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

*to seek admission *pro hac vice*